IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY E. SVEA,

                Petitioner,

v.

DENISE SYMDON,[1]

                Respondent.

OPINION & ORDER

16-cv-228-jdp

---

    Petitioner Timothy E. Svea is in the custody of the Wisconsin Department of Corrections, currently on active community supervision. Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 conviction in the Circuit Court for Marathon County, Wisconsin. Petitioner has paid the $5 filing fee, and so the next step is for the court to preliminarily review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

    The petition is untimely. But before dismissing the petition, the court will afford petitioner a last opportunity to demonstrate that he is entitled to equitable tolling.

---

[1] Petitioner named Jon E. Litscher as the respondent. But "[a] federal habeas corpus action brought by a state prisoner must name as the respondent the state officer who has custody of the petitioner." *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) (citations and internal quotation marks omitted). Typically, the proper respondent is the warden of the petitioner's prison. But petitioner is not incarcerated; he is out on active community supervision. Accordingly, Denise Symdon, administrator of the Wisconsin DOC's Division of Community Corrections, is the proper respondent, and the court has updated the caption accordingly. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) ("If the petitioner is on parole, the parole board or equivalent should be named.").

ALLEGATIONS OF FACT

The court draws the following facts from the petition, the memorandum in support of the petition, and petitioner's exhibits.

At the time of his conviction, petitioner was a Catholic priest. He pleaded guilty to one count of second-degree sexual assault of a child, five counts of exposing genitals to a child, one count of false imprisonment, and one count of fourth-degree sexual assault of a child. On February 25, 2002, the Circuit Court for Marathon County sentenced petitioner to 20 years' probation with one-and-a-half years' conditional jail time; 20 years (10 in custody, 10 on extended supervision) were imposed and stayed.

Petitioner did not directly appeal his conviction. Instead, nearly 11 years later, petitioner moved in the circuit court to withdraw his guilty plea. Petitioner's postconviction counsel argued that: (1) petitioner was incompetent when he entered his plea; (2) petitioner did not have the benefit of effective assistance of counsel when he entered his plea; and (3) petitioner's plea was not knowing, intelligent, and voluntary. On November 4, 2013, the circuit court denied the motion without an evidentiary hearing.

Petitioner appealed the decision; the Wisconsin Court of Appeals affirmed the circuit court's decision on October 21, 2014. Petitioner filed a timely petition for review with the Wisconsin Supreme Court; the court denied the petition on January 12, 2015. Petitioner did not file a petition for certiorari with the United States Supreme Court.

In this court, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 12, 2016. Petitioner raises the same three grounds for relief in his petition: (1) he was not competent to enter his guilty plea; (2) his trial counsel was ineffective; and (3) his plea was not knowing, intelligent, and voluntary.

In support of his claims, petitioner alleges that at the time of his conviction, he had been in an out-of-state mental health institution, where he had been receiving treatment for hallucinations, severe depression, and anxiety. The state criminally charged him with child sex crimes only two days after he left the institution. The Catholic Church hired attorneys to defend petitioner, and mere days after the criminal complaint issued, petitioner waived his right to a preliminary hearing, entered guilty pleas, and received his sentence. Petitioner contends that his attorneys were interested in only what was best for the *church* and failed to discuss any options with petitioner—i.e., possible defenses to the charges—other than pleading guilty. Petitioner contends that his attorneys pressured him to plead guilty after threatening to stop paying for his legal and medical expenses if he did not.

## ANALYSIS

Petitioner appears to have properly exhausted his claims in state court, but he has a timeliness problem. Under 28 U.S.C. § 2244(d), a petitioner has one year to petition a federal court for a writ of habeas corpus. The one-year limitations period begins to run from the latest of: (1) the date on which judgment in the state case becomes final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition is removed; (3) the date on which the constitutional right asserted is first recognized by the Supreme Court, if that right is also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could be discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner's one-year limitations period began running on the date his state court judgment became final. *Id.* § 2254(d)(1)(A). The Circuit Court for

Marathon County entered judgment on February 25, 2002. Petitioner was required to file and serve a notice of intent to pursue postconviction or postdisposition relief within 20 days. Wis. Stat. § 809.30(2)(b); *see also State v. Nickel*, 2010 WI App 161, ¶ 5, 330 Wis. 2d 750, 794 N.W.2d 765 ("Nickel's deadline for pursuing a direct appeal expired twenty days after his sentencing when he failed to file a notice of intent to pursue postconviction relief[.]"). When petitioner did not appeal, his state court judgment became final on March 18, 2002. *Id.* ("[J]udgment of conviction became final when he did not challenge the conviction or the sentence within the deadlines for doing so."). Accordingly, petitioner's one year expired on March 18, 2003, a decade before he filed his postconviction motion in state court, and thirteen years before filing his petition here.

But the expiration of the one-year deadline is not inevitably fatal. Under *Holland v. Florida*, a petitioner is entitled to equitable tolling if he shows that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. 560 U.S. 631, 649 (2010).

Here, petitioner contends that the court should equitably toll the time that passed between the date his state judgment became final and the date he filed his postconviction motion. Dkt. 1, at 13. Petitioner contends that:

> The time for filing this petition should be equitably tolled as the Defendant was incompetent at the time his conviction became final. He has diligently pursued relief since attaining competence. His lack of funds for legal counsel and counsel's errors are also reasons the time should be equitably tolled.

*Id*. But petitioner's argument for equitable tolling is conclusory. Dkt. 2, at 13-14. Petitioner has only summarily stated that he was incompetent in 2002, but that sometime during the

4

following decade, he recovered his competence, and from that point diligently pursued habeas relief, although he was further impeded by his lack of funds for legal counsel.

Incompetence can justify equitable tolling. *See Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014). Petitioner does not give the court much of an explanation of the mental impairments he suffered at the time of his conviction; indeed, he concedes that he would need a hearing to develop that evidence. Dkt. 2, at 13. But that is not the problem as far as equitable tolling is concerned. Petitioner does not contend that he is still incompetent, like the petitioner in *Davis*. In that case, the Seventh Circuit remanded so the parties could brief the issue of whether Davis's mental impairments were sufficient to justify his untimeliness. Petitioner here contends that he was incompetent when convicted, but that he is competent now, and that he has diligently pursued his rights since he regained competence. And that raises questions that petitioner makes no effort to answer. When did he recover competence? How? What did he do to pursue habeas relief since then? Needless to say, the court is skeptical that petitioner can show that he spent a decade in a fog of incompetence, until he somehow awoke to the knowledge that he had been railroaded by the church's lawyers. But the court will give him the chance to explain.

The court will dismiss the petition as untimely unless petitioner can support his case for equitable tolling.[2]

---

[2] A petitioner also may be able to overcome the one-year limitations period by arguing for an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To qualify for this narrow exception, a petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Petitioner must show "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). To be "new," the evidence does not need to be "newly discovered,"

5

ORDER

IT IS ORDERED that:

1. Petitioner Timothy E. Svea may have until August 23, 2016, to file a response demonstrating that he is entitled to equitable tolling.

2. If petitioner fails to timely respond, or if his response does not demonstrate that he is entitled to equitable tolling, the court will dismiss his petition.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). But petitioner does not claim that he is actually innocent.