IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY E. SVEA,

                      Petitioner,

  v.

DENISE SYMDON,

                      Respondent.

OPINION & ORDER

16-cv-228-jdp

---

      Petitioner Timothy E. Svea is in the custody of the Wisconsin Department of Corrections, currently on active community supervision. Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2002 conviction in the Circuit Court for Marathon County, Wisconsin. The court determined that the petition is untimely, but the court afforded petitioner one final opportunity to demonstrate that he is entitled to equitable tolling. Dkt. 5.

      Petitioner has responded to the court's order. Dkt. 6. But petitioner has not demonstrated that he is entitled to the exceptional remedy of equitable tolling, and the court will dismiss his petition.

ANALYSIS

      Petitioner does not challenge the court's earlier determination that petitioner's state court judgment became final on March 18, 2002, and that, as a result, AEDPA's[1] one-year limitations period expired on March 18, 2003. Dkt. 5, at 3-4. Petitioner concedes that his

---

[1] Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d).

petition is untimely. The question is whether petitioner can save his untimely petition by showing that he is entitled to equitable tolling. *Id.* at 4.

Petitioner contends that he is entitled to a presumption in favor of equitable tolling, citing *Holland v. Florida*, 560 U.S. 631, 645-46 (2010). But this is incorrect. The first issue in *Holland* was whether the one-year statute of limitations imposed in AEDPA was subject to equitable tolling at all. On this issue, the Supreme Court observed that non-jurisdictional federal statutes of limitations carry a presumption in favor of equitable tolling. *Id*. The Supreme Court held that the AEDPA statute of limitations is indeed subject to equitable tolling. But it did not hold that a habeas petitioner is entitled to a presumption in favor of equitable tolling in the individual case.

To the contrary, the burden is on petitioner to demonstrate his entitlement to equitable tolling, which is "an exceptional remedy." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). A petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649. "The realm of equitable tolling is a highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (citations and internal quotation marks omitted).

Petitioner focuses on the second element and contends that several factors, considered together, amount to an extraordinary circumstance that prevented him from timely filing a § 2254 petition. Petitioner contends first that he was incompetent when he entered his guilty plea. Petitioner argues that he had been receiving treatment at a mental health institution mere days before he entered his plea, and this fact, alone, "should be sufficient evidence that

2

there was reason to doubt his competency at the time he entered his plea." Dkt. 6, at 5-6. The court is not persuaded: many defendants suffer from mental illnesses, but that fact alone does not show that they are incompetent to enter a valid plea. And even if the court were to give petitioner the benefit of the doubt and assume that his mental status tainted his original plea, he would still have to show that extraordinary circumstances impeded his ability to file a habeas petition for the next dozen years.

Plaintiff's argument on that point is that ongoing mental health issues, combined with his limited financial means and inept counsel, prevented him from pursuing habeas relief.

As the court recognized in its previous order, incompetence can, in some situations, warrant equitable tolling. *See Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014). But "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). Petitioner contends that he has continuously received mental health treatment since being released from jail. Petitioner concedes that his mental health is "much improved over the years," but he is not "over these problems." Dkt. 6-1, ¶ 4. That said, petitioner has simply failed to explain how his ongoing mental health problems have impaired his ability to vindicate his legal rights. Indeed, over the years he has sought legal advice in an attempt to do so. It seems plain that petitioner was well aware of his legal rights and that his mental health challenges were not holding him back from asserting them.

Petitioner's financial troubles are not an extraordinary circumstance. The fact that petitioner had trouble affording a lawyer does not explain why he could not timely file a

3

petition on his own; "lack of representation is not on its own sufficient to warrant equitable tolling, nor is a petitioner's lack of legal training." *Socha*, 763 F.3d at 685.

So that leaves petitioner's contention that he received ineffective legal counsel. First, petitioner contends that his trial counsel forced him to forego a direct appeal. Petitioner does not fully explain how his plea, including a waiver of his appeal rights, was actually a plea that competent counsel would not advise, given the seriousness of the charges he faced, and the lenient sentence he received. But the court will give him the benefit of the doubt about his trial counsel, and focus on the 13 years following his conviction.

Petitioner contends that he got bad legal advice on two occasions. Petitioner contends that in 2004, attorney Rand Krueger wrongly told petitioner that there was nothing he would be able to do about his conviction. Krueger recommended instead that petitioner seek a sentence modification and that petitioner wait to request a modification because "the courts would be more inclined to modify the sentence with the passage of time." Dkt. 6, at 4. Petitioner began working with another attorney, Adam Walsh, in 2009. For reasons that petitioner does not fully explain, Walsh filed for state post-conviction relief four years later, in 2013. Petitioner suggests that he had to accumulate a financial balance to fund the filing, but he also says that petitioner himself was gathering the necessary documents. Dkt. 6-1, ¶ 19. Petitioner also contends that Walsh did not know the federal habeas rules, procedures, and deadlines. But petitioner has not shown that either Krueger or Walsh actually gave substantively deficient advice.

But even if they had, bad legal advice does always not justify equitable tolling.

> Under certain circumstances, attorney misconduct constitutes an extraordinary circumstance warranting equitable tolling, such as when the attorney violates fundamental canons of professional responsibility by failing to communicate with his client and

4

> failing to perform necessary research. However, the Supreme Court has made clear that a garden variety claim of attorney negligence or excusable neglect is insufficient.

*Obriecht*, 727 F.3d at 749 (internal citations, quotation marks, and alterations omitted). Missed deadlines, a lack of awareness of applicable deadlines, and a "lawyer's ineptitude" constitute "garden variety" negligence and will not support equitable tolling. *Id.* Regardless, petitioner does not account for the time that he wasted between March 2003 and 2004 when he first consulted Krueger. And petitioner concedes that "Krueger and Walsh cannot be faulted for failing to inform Timothy of federal deadlines which had already expired by the time he consulted them." Dkt. 6, at 5.

Giving substantial credit to petitioner's version of events, between March 2003 and April 2016, petitioner was depressed and anxious; he did not have the benefit of continuous legal representation; and when he did consult attorneys, they did not give helpful advice. But these circumstances do not demonstrate that extraordinary circumstances prevented petitioner from timely filing a § 2254 petition. Compare this case with the facts in *Holland*,[2] in which the petitioner's attorney failed to file a habeas petition on time despite the petitioner's many letters "that repeatedly emphasized the importance of his doing so." 560 U.S. at 652. And the attorney did not do any research to determine the applicable filing deadlines, despite the fact that the petitioner identified the applicable legal rules for him. *Id.* Petitioner has not explained how, over the course of thirteen years, truly exceptional circumstances prevented him from preserving his habeas rights.

---

[2] The Supreme Court remanded the case "to determine whether the facts in this record entitle Holland to equitable tolling." *Holland*, 560 U.S. at 654.

Even if petitioner had satisfied his burden of demonstrating that extraordinary circumstances stood in his way, he also needs to show that he diligently pursued his rights between March 2003 and April 2016. During this 13-year period, petitioner engaged two attorneys: one in 2004, and another starting in 2009. But this does not show reasonable diligence during the entire period. Compare, again, the facts in *Holland*, where the petitioner wrote his attorney numerous letters seeking important information and providing instructions, repeatedly contacted the state courts, and, when all else failed, prepared his own pro se petition and filed it with the district court. *Id.* at 653. *See also Taylor*, 724 F.3d at 811 ("Taylor either misunderstood his attorney's advice, or his attorney gave him bad advice. Under either scenario, however, Taylor did not confirm the date his habeas petition was due in federal court, despite having several months to do so. That lack of action does not show reasonable diligence, and it does not show that extraordinary circumstances actually prevented Taylor from filing."). Petitioner made isolated attempts to engage counsel, but for the most part, he did not pursue his rights *at all* during most of the 13-year period following the expiration of his federal habeas deadline.

Petitioner has not demonstrated that he is entitled to equitable tolling, and the court will dismiss his petition as untimely.

ORDER

IT IS ORDERED that:

1. Petitioner Timothy E. Svea's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Dkt. 1, is DISMISSED as untimely.

2. The clerk of court is directed to close this case.

Entered August 29, 2016.

                                        BY THE COURT:

                                        /s/

                                        _____

                                        JAMES D. PETERSON
                                        District Judge